BREAUX, C. J.
The case presents issues mainly of fact. It involves the settlement of accounts.
Plaintiff sued to recover the sum of $2,656.-96, and 5 per cent, interest thereon, from judicial demand.
He claims to have earned this amount by skidding, pulling, and putting overboard timber from a cypress swamp for account of defendants in accordance with a contract entered into by him with defendants.
*207 Three dollars and seventy-five cents per 1,000 feet of timber is the amount which defendants promised to pay for this work just above mentioned.
Plaintiff, in addition, claimed to have built and laid a track over which to skid the timber, for which he avers he was to receive 35 cents a running foot.
Without' going further into details at this time, we will state that plaintiff claimed a gross sum of $5,283.03.
He admits that defendants are entitled to< a credit of $2,626.05, leaving a balance due, as he alleged, and for which he asked for judgment, of $2,656.96.
The defendants admit the contract alleged by plaintiff, and also that $3.75 per 1,000 is the amount which they were to pay as per contract.
The difference between plaintiff and defendants at this point is that defendants claimed that the amount just mentioned of $3.75 per 1,000 feet included all the work necessary to be done by plaintiff in order to deliver the timber while plaintiff claims an amount for extra work.
This extra work refers particularly to the trackage laid down- for skidding the timber and for which plaintiff claimed the sum of $550.55.
Defendants set up claims in reconvention to the amount of $3,248.96.
The trial court allowed a credit to defendants in the sum of $3,043.50.
The trial court also found that the plaintiff was entitled to $4,227.03.
Judgment was rendered in plaintiff’s favor in the sum of $891.13, with 5 per cent, interest thereon from judicial demand.
Plaintiff accepts this as correct, except as to $287.25, and it follows that plaintiff’s contention is that he is entitled to a judgment including the last amount and forming a total of $1,183.63.
The defendants appealed- to the Court of Appeals.
The Court of Appeals at its session in December, 1906, of its own motion, dismissed the appeal for want of jurisdiction, and the defendants, under Act No. 56, p. 135, of 1904, perfected their appeal to this court.
There can be very little question about the items due for skidding the timber in June and the month following as before mentioned.
Defendants admit as to these first items that the work was performed as claimed by plaintiff. They furnished an account or statement to plaintiff in which these items were set forth and admitted.
The next or third item is not admitted by defendants.
The contention on their part is that the $3.75 per 1,000 included the 65 cents as work to be performed by plaintiff for the first amount.
The first item of indebtedness by defendants to plaintiff is so clearly admitted by defendants in their answer as correct that we pass it without further comment.
Defendants cannot be heard to recall their own statements and accounts in regard to this first item. »
Before proceeding further in reviewing and considering the different items of the respective accounts of plaintiff and defendants, we take up an objection predicated of article 2277 of the Civil Code.
The defendants urge that the contract involved an amount over $500 claimed by plaintiff, and that it should have been proven at least by one competent witness and other corroborated circumstances, citing Civ. Code, art. 2277.
Defendants’ pleadings admit that there was a contract, that there was not only one contract; but defendants urge that there were two contracts.
The testimony regarding. plaintiff’s work and the corroborating circumstances proving up plaintiff’s claim amply take his cause out from the application of the rule laid down, that an amount over $500 must be proven by *209 competent witnesses and corroborating circumstances.
The different amounts of the account claimed are proven by sufficient testimony.
We return to the items of the accounts.
The first item having been acknowledged as correct, we take up the second only to state that it, also, is admitted as correct.
The following is an excerpt from the answer admitting its correctness:
“That pursuant to this agreement defendants have duly credited plaintiff with 52,050 feet of timber by him skidded in June, 1905, which he had sawed at 65 cents per 1000, amounting to the sum of $53.03 — the item of the account which the foregoing admits.”
We pass to the third item in amount, $949.64 for 1,460,922 feet of timber delivered to Norgress-Menefee Company.
One of the defendants, Herbert, testified that this timber was delivered to Norgress-Menefee Company.
The testimony of defendant as relates to this item leaves no room for doubt when taken together with the testimony of plaintiff.
This is a part of the testimony of this defendant:
“Q- (by counsel.) Was it the timber that Mr. Harliss cut that was delivered to Norgress-Menefee Company?
“A. Not only timber that he had cut, but skidded and was duly credited to his account.”
After this acknowledgment of this defendant it became incumbent upon defendants to show that it was properly credited. It is surely an item to be taken into account in fixing balances between these parties.
The item 1,573 feet grading to support rails for a timber railroad in the swamps at 35 cents a foot appears to be due — total $550,55. The same is true of the item next in order on the account, to wit, 1,036 feet of dunnage in the swamps at 25 cents a foot — total $259.
Plaintiff did this work for defendants. The indebtedness is shown by the testimony of plaintiff as a witness corroborated by other testimony.
The 'commissary department gives rise to-a part of the dispute between the parties. As to it, the answer sets forth:
“At the time said contract was. canceled it was agreed between plaintiff and defendants that the former should have credit for the value of his commissary department in the sum of $417.45 turned over to defendants.”
There is testimony in the record showing that the defendants remained indebted for this amount. In that case the defendants cannot do less than to pay the amount in order to obtain their discharge as debtors.
The remaining items are small. Together they amount to $75.75. First an item of $3.25; second, another item of $68, and lastly another item of $4.45.
As to the first item, plaintiff had prepared 5,000 feet of timber in the swamps for which it is conceded that the defendants are indebted. The second item, $68, was for plaintiff’s work in the swamp. To quote from the testimony, “the looking after the timber,” and the four axes which were left in defendants’ possession were never returned to plaintiff, though plaintiff called for their return, making total above stated $75.75.
This brings us to the end of the account.
The amount claimed by defendants in re-convention is admitted by plaintiff, and leaves the balance due to plaintiff as set forth in the judgment appealed from, to wit, $891.13, with 5 per cent, interest from judicial demand; that is, July, 1905.
The item claimed by plaintiff for work by Gibson Green was properly disallowed. It was not shown with any degree of certainty for whose account Gibson Green worked.
The testimony as to him does not sustain plaintiff’s claim.
For reasons stated, the judgment is affirmed at appellant’s cost.